IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | **H-06-3004** |
| Plaintiff, § | CIVIL ACTION NO. _____ |
| § | |
| v. § | |
| § | |
| BELLAIR CLEANERS, INC. § d/b/a PARK AVENUE CLEANERS, § d/b/a BELLAIR CLEANERS, § d/b/a YOUR VALET § § | JURY TRIAL DEMANDED UNITED STATES COURTS SOUTHERN DISTRICT OF TEXAS FILED SEP 2 5 2006 |
| Defendant. § | MICHAEL N. MILBY, CLERK OF COURT |

## ORIGINAL COMPLAINT

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, by Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination on the basis of sex and to provide appropriate relief to Maria Ruiz and a class of female employees who were adversely affected by Defendant Bellair Cleaners, Inc. d/b/a Park Avenue Cleaners, Bellair Cleaners and Your Valet's ("Defendant") unlawful practices. The Defendant unlawfully denied female employees equal employment opportunities by subjecting them to sexual harassment in violation of Title VII. While employed by Defendant, Maria Ruiz and other female employees were subjected to unwelcome comments, touching and propositions of a sexual nature. After complaining about the sexual harassment, Maria Ruiz was constructively discharged by Defendant.

## JURISDICTION AND VENUE

2.  Pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, the United States District Court has jurisdiction over the subject matter of this civil action. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.  The unlawful employment practices alleged in this complaint were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

4.  Plaintiff the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

5.  Defendant, Bellair Cleaners, Inc. d/b/a Park Avenue Cleaners, Bellair Cleaners and Your Valet, is a corporation doing business in the State of Texas and the City of Houston, and has continuously had at least fifteen (15) employees. Defendant may be served by serving its registered agent for service of process, Munira N. Ali, 12327 S. Main Street, Houston, Texas 77035.

6.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title

VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Maria Ruiz filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled, including the filing of a timely charge of employment discrimination, and an attempt to conciliate the matter.

8.     Since at least February 2005, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), at its Houston locations.

9.     Since at least February 2005, Defendant's owner and manager Nazir Ali subjected Maria Ruiz and a class of female employees to unwelcome sexual comments, touching and propositions of a sexual nature and disparate terms, conditions and privileges of employment because of their sex, female.

10.    The conduct included, *inter alia*, Ali making sexually charged comments to female employees, touching female employees' breasts and buttocks, and asking them for sex. Ali repeatedly propositioned Maria Ruiz for sex, sometimes offering her money in exchange for sex, and on at least one occasion he rubbed his groin in front of her.

11.    Maria Ruiz and the class of female employees resisted Ali's sexual advances and complained about his inappropriate conduct to members of management to no avail.

12.    After Maria Ruiz complained about Ali's behavior to his wife and co-owner Munira N. Ali, Ali's sexual misconduct continued unabated and Defendant constructively discharged Maria Ruiz in May 2005. Ali's continued sexual harassment of other female employees may also have resulted in their constructive discharge.

13. The females employees were subjected to a series of separate, harassing acts that collectively constituted an unlawful employment practice.

14. The effect of the practices complained of in the preceding paragraphs has been to deprive Maria Ruiz and the class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

15. The unlawful employment practices of which the Commission complains in the preceding paragraphs were intentional.

16. The unlawful employment practices complained of in the preceding paragraphs were and are done with malice or reckless indifference to the federally protected rights of Maria Ruiz and the class of female employees.

## PRAYER FOR RELIEF

17. Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Maria Ruiz and the class of female employees by providing appropriate back pay with prejudgment interest, in

amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to reinstatement, or, in the alternative, to provide front pay.

D. Order Defendant to make whole Maria Ruiz and the class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs.

E. Order Defendant to make whole Maria Ruiz and the class of female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Maria Ruiz and the class of female employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Award post-judgment on all amounts recorded.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507

By: _____
KATHY D. BOUTCHEE
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No.: 02717500
Southern District No.: 10145
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1919 Smith Street, 7th Floor
Houston, Texas 77002-8049
(713) 209-3399
Fax: (713) 209-3402
Email: kathy.boutchee@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney

Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 777002