# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-3004 |
| BELLAIR CLEANERS, INC., d/b/a PARK AVENUE CLEANERS, d/b/a BELLAIR CLEANERS, d/b/a YOUR VALET, | § § § § § | |
| Defendants. | § § | |

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty as jurors to follow the law as I give it to you. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. On the other hand, you are the judges of the facts. Do not consider any statement that

I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

You were sworn as jurors in this case to answer specific questions that will be submitted to you. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answer to each question must be unanimous.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A company, a government agency, and an individual are equal before the law and must be treated as equals in a court of justice. They are entitled to the same fair trial at your hands.

You must answer all questions from a preponderance of the evidence. A preponderance of the evidence means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in

the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called the witness, and all exhibits received in evidence, regardless of who may have introduced the exhibit. The burden is on the EEOC in this action to prove every essential element of its claims by a preponderance of the evidence. If the proof fails to establish any essential part of any of the claims by a preponderance of the evidence, you should find for the defendant as to that claim.

During the trial, I sustained objections to certain questions and answers. You must disregard those questions and answers entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence that has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have

any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the plaintiff or the defendant? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may

depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence -- such as testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not

on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

The EEOC alleges that Bellair Cleaners, Inc. is one of several entities co-owned and managed by Nazir Ali. The EEOC alleges that Bellair Cleaners, Inc. operated a dry cleaning store under the name of Bellair Cleaners and operated two stores under the name of Park Avenue Cleaners. The EEOC alleges that Nazir Ali also co-owned and managed an entity called Denville Business Inc., which operated a dry cleaning store under the name of Deville Cleaners. The EEOC alleges that Nazir Ali also co-

owned and managed Heaven Star Enterprises, LLC, Heaven Star Enterprises I, LP, and Anna Naaz, Inc., which operated out of the Park Avenue Cleaners location, and that Anna Naaz, Inc. issued W-2s, for the Park Avenue Cleaners employees. The EEOC alleges that Bellair Cleaners, Inc. is an integrated enterprise with these other entities and dry cleaning stores. The EEOC alleges that these stores and entities were the single employer of Maria Ruiz and other employees. The EEOC alleges that Nazir Ali co-owned and operated these entities and stores and that he was the ultimate supervisor of Maria Ruiz and the other employees.

The EEOC has alleged that Nazir Ali sexually harassed Maria Ruiz. The EEOC alleges that the employer is responsible for the harassment committed by the owner and operator, Nazir Ali. The defendant denies the EEOC's claims.

You are instructed that it is unlawful for an employer to discriminate against an employee because of the employee's sex. This includes sexual harassment. Sexual harassment is unwelcome conduct that is based on the employee's sex. For a defendant employer to be liable for sexual harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of the employee's employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of employment, you should consider all the circumstances, including the frequency of

7

the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with the employee's work performance. There is no requirement that the conduct be psychologically injurious.

Simple teasing, offhand comments, sporadic use of offensive language, occasional gender-related jokes, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature in the workplace may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile work environment existed, you must consider the evidence from both the employee's perspective and from the perspective of a reasonable person. First, the employee must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as the employee would find the conduct offensive.

If you find that Maria Ruiz or other female employees were sexually harassed, you must find for the EEOC.

As I previously instructed you, federal law imposes liability on an employer who discriminates against an individual because of sex with respect to the terms and conditions of the individual's employment, and that harassment because of one's sex violates that law. In proving liability for sexual harassment, the law permits the plaintiff, here the EEOC, to prove by a preponderance of the evidence that two or more nominally separate business entities were part of an integrated enterprise, making the entities a single, integrated employer of the employee. You must determine whether the entities were integrated with respect to ownership and operations. In determining whether the defendant should be viewed as a single, integrated employer, you should consider the following factors:

    a)    interrelation of operations;

    b)    centralized control of labor relations and personnel;

    c)    common management; and

    d)    common ownership or financial control.

While the presence or absence of any one factor is not controlling, and all four factors are not required, you should focus particular attention on the second factor – centralized control of labor relations and personnel. You should consider relevant to

this factor the sharing of personnel, equipment, services and record keeping between the entities. You should also consider the relationship of Nazir Ali to the entities in question.

If the EEOC has proven its claims by a preponderance of the evidence, you must determine the damages. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that the EEOC should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the EEOC is entitled to recover damages.

If you find that the defendant is liable, then you must determine an amount that is fair compensation for the damages Maria Ruiz has suffered, if any. These damages are called compensatory damages. Compensatory damages are not limited to expenses or monetary losses that Maria Ruiz may have incurred because of the alleged harassment. If the EEOC wins, Maria Ruiz is entitled to compensatory damages for mental anguish, humiliation, loss of self-esteem, loss of enjoyment of life, and inconvenience if they are proven to be proximately caused by the alleged harassment.

The damages that you award must be fair compensation for the damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that are actually suffered or that are reasonably likely to be suffered in the future. If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the EEOC prove the amount of damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: mental anguish, humiliation, loss of self-esteem, loss of enjoyment of life, and inconvenience. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Maria Ruiz for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these

elements of damage. Any award that you make should be fair in the light of the evidence.

If you find that the defendant is liable, you must award compensatory damages that have been proven. You also may award punitive damages, if the EEOC has proved that the defendant acted with malice or willfulness or with callous and reckless indifference to the federally protected rights of Maria Ruiz or other female employees. An employer must at least act in the face of a perceived risk that it will violate federal law to be liable in punitive damages. One acts with malice when one acts with an intent to harm; in this case, by committing acts that the employer knows violate federal law. One acts willfully or with reckless indifference to the rights of others when one acts in disregard of a high and excessive degree of danger about which he knows or that would be apparent to a reasonable person in his condition. A jury may find reckless indifference when an employer does not admit that it knew that its alleged actions were wrong. However, mere negligence as to the civil rights of employees is not enough to justify punitive damages.

If you determine that the defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and

to deter the defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages; however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that an injured party has been made whole by compensatory damages, so punitive damages should be awarded only if the defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember at all times you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate, you may take copies of this charge, the exhibits that have been admitted into evidence, and your notes.

You first should select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

If you recess during your deliberations, follow all the instructions that I have given you concerning your conduct during the trial.

A form of verdict has been prepared for your convenience. After you have reached your unanimous verdict, your foreperson must fill in your answers to the written questions and date the form, and you all must sign the form. Then, notify the officer who will be outside your deliberation room. I then will bring you back to the courtroom to deliver your verdict. You will return your completed verdict form at that time. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the officer, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

SIGNED on February 7, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge